TIMOTHY COURCHAINE
United States Attorney
District of Arizona

BRUCE R. VAN BAREN
Assistant United States Attorney
Illinois State Bar No. 6310375
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: bruce.van.baren@usdoj.gov
Attorneys for Plaintiff

☑ FILED ___ LODGED
___ RECEIVED ___ COPY

MAR 2 4 2026

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____DEPUTY
PUBLIC DISCLOSURE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR26-00278-PHX-SPL (DMF) |
|---|---|
| Plaintiff, | **INDICTMENT** |
| vs. | VIO: 18 U.S.C. § 371 |
| Andrew Paul Amarillas, | (Conspiracy to Commit Theft and Embezzlement of Government Property and Possess and Sell Stolen Ammunition) |
| Defendant. | Count 1 |

18 U.S.C. § 371
(Conspiracy to Commit Theft and Embezzlement of Government Property and Possess and Sell Stolen Ammunition)
Count 1

18 U.S.C. § 641
(Theft and Embezzlement of Government Property)
Count 2

18 U.S.C. §§ 922(j), 924(a)(2)
(Possession and Sale of Stolen Ammunition)
Count 3

18 U.S.C. §§ 924(d), 981, 982,
21 U.S.C. §§ 853, 881, and
28 U.S.C. § 2461(c)
(Forfeiture Allegation)

**THE GRAND JURY CHARGES:**

**INTRODUCTORY ALLEGATIONS**

1.    Defendant ANDREW PAUL AMARILLAS ("AMARILLAS") is a Corporal in the U.S. Marine Corps. He was stationed at Camp Pendleton in California from about February 2022 through January 2026. During this time, AMARILLAS was an Ammunition

Technician Specialist responsible for U.S. military explosive and ammunition ordnance. During his entire tenure at Camp Pendleton, he was assigned to the School of Infantry West where he transported and handled U.S. military explosives and ammunition.

2.     AMARILLAS embezzled and stole U.S. military property and ammunition for which he was responsible for safe keeping, transporting, and/or disposing at Camp Pendleton in California and transported these items to his home state of Arizona. Once in Arizona, AMARILLAS sold this stolen U.S. military property and ammunition to unindicted Co-Conspirator 1 and Co-Conspirator 2. Co-Conspirators 1 and 2, in turn, sold the stolen U.S. military property and ammunition to Company 2 and others. And Company 2, in turn, sold the stolen U.S. military property and ammunition to Company 1 and others.

### STOLEN U.S. MILITARY PROPERTY AND AMMUNITION

3.     The U.S. military property and ammunition that AMARILLAS agreed to steal and sell to others included Javelin Missile Systems and Olin Winchester-manufactured Enhanced Performance Rounds ("EPR") and non-EPR ammunition.

4.     Javelin Missile Systems are manufactured by the Javelin Joint Venture between Lockheed Martin Corp. ("Lockheed Martin") and RTX Corp. f/k/a Raytheon Technologies Corp. ("Raytheon"), exclusively for sale to the U.S. Department of War and cannot be legally possessed by, or sold to, the public unless demilitarized. Law enforcement seized one of the Javelin Missile Systems that AMARILLAS agreed to steal and sell to Co-Conspirator 2 from the CEO of Company 2. It was not demilitarized.

5.     Olin Winchester, LLC ("Olin Winchester") manufacturers EPR in 5.56mm ("M855A1") and 7.62mm ("M80A1") at a U.S. Government-owned, contractor-operated facility—the Lake City Army Ammunition Plant ("Lake City") in Independence, Missouri—and two contractor-owned and operated facilities in Oxford, Mississippi. M855A1 and M80A1 are federally controlled items that are limited to U.S. Government sales due to their increased terminal performance, making them a threat to law enforcement and civilians. M855A1 cannot be legally possessed by, or sold to, the public.

- 2 -

6.    Olin Winchester also manufactures non-EPR ammunition in 5.56mm ("M855"). Unlike M855A1 and M80A1, M855 can be bought directly from Olin Winchester and sold to the public, but M855 that was manufactured for, and sold to, the U.S. Department of War cannot legally be possessed by, or sold to, the public. M855 ammunition manufactured for, and sold to, the U.S. military is in different packaging than M855 ammunition manufactured for, and sold commercially to, the public.

7.    U.S. Marine Corps policy—on which Ammunition Technician Specialists at Camp Pendleton are trained—only permits the use, transport, and release of U.S. military property and ammunition for official military duties and prohibits any unauthorized use, transfer, or release of these items. AMARILLAS never obtained authorization from the U.S. military to remove Javelin Missile Systems and M855A1 and M855 from Camp Pendleton, transport them to Arizona, and sell them to civilians for his own profit.

## UNDERCOVER PURCHASES AND SEIZURES OF M855A1 AND M855 STOLEN FROM U.S. MILITARY

8.    During the time that AMARILLAS was an Ammunition Technician Specialist at Camp Pendleton, assigned to handle and transport explosives and ammunition at the School of Infantry West, law enforcement identified stolen U.S. military ammunition for sale commercially in Arizona. Undercover law enforcement officers purchased stolen M855A1 and M855 from Company 1 and Company 2 in Arizona, and law enforcement seized additional stolen M855A1 and M855 from Co-Conspirator 2, Company 1, and Company 2 in Arizona. The M855A1 and M855 had a total value of more than $1,000.

9.    Law enforcement traced the lot numbers on the cans of much of this stolen U.S. military ammunition from the Tooele Army Depot in Tooele, Utah to the Ammo Supply Point at Camp Pendleton, and from the Ammo Supply Point to the School of Infantry West. U.S. Marine Corps records from the School of Infantry West showed that AMARILLAS signed out U.S. military ammunition with some of these lot numbers.

## SEIZURE OF JAVELINE MISSILE SYSTEM
## STOLEN FROM U.S. MILITARY

10.     In addition to purchasing and seizing M855A1 and M855, law enforcement seized a Javelin Missile System with lot number MGP03D021-003C and serial number 321675 from Company 2 on or about October 10, 2025. The Javelin Missile System had a value of more than $1,000. Law enforcement traced the serial number and lot number on the stolen U.S. military property to Camp Pendleton and the School of Infantry West. U.S. Marine Corps records show that AMARILLAS signed out the Javelin Missile System with lot number MGP03D021-003C and serial number 321675 on or about August 13, 2024.

11.     Two months later, on or about October 30, 2024, Co-Conspirator 2 sent a photo of this Javelin Missile System to the CEO of Company 2, and the CEO of Company 2 agreed to purchase it. Co-Conspirator 2 then delivered it to Company 2 in Arizona.

## TEXT MESSAGES AMONGST AMARILLAS AND CO-CONSPIRATORS
## ABOUT STOLEN U.S. MILITARY PROPERTY AND AMMUNITION

12.     On or about November 20, 2025, law enforcement executed a search warrant on Co-Conspirator 2's home in Phoenix, Arizona, and seized his cell phone. Co-Conspirator 2's cell phone had messages with AMARILLAS, Co-Conspirator 1, the CEO of Company 2, and others regarding their conspiracy to steal, possess, and sell stolen U.S. military property and ammunition to others. These messages showed that AMARILLAS agreed to steal U.S. military property and ammunition from Camp Pendleton in California, transport it to his home state of Arizona, and sell it to Co-Conspirator 1 and Co-Conspirator 2. Co-Conspirator 2, in turn, agreed to sell it to the CEO of Company 2 and others.

13.     Law enforcement also seized cans of stolen M855 from Co-Conspirator 2's home that AMARILLAS had delivered and sold to him on or about November 15, 2025, and that Co-Conspirator 2 had offered to sell to Company 2. Law enforcement traced some of the lot numbers on the cans of M855 to the Ammo Supply Point at Camp Pendleton and the School of Infantry West, and U.S. Marine Corps records showed that AMARILLAS had signed out M855 with these lot numbers from the School of Infantry West.

- 4 -

## COUNT 1
### Conspiracy to Commit Theft and Embezzlement of Government Property and Possess and Sell Stolen Ammunition
### (18 U.S.C. § 371)

14. The factual allegations above are incorporated by reference for Count 1.

15. Beginning on or about February 1, 2022, and continuing through on or about November 20, 2025, in the District of Arizona and elsewhere, the defendant, ANDREW PAUL AMARILLAS, and others known and unknown, did knowingly combine, conspire, confederate, and agree with other persons known and unknown to commit the following offenses against the United States: Theft and Embezzlement of Government Property, in violation of Title 18, United States Code, Section 641, and Possession and Sale of Stolen Ammunition, in violation of Title 18, United States Code, Section 922(j).

### OBJECT OF CONSPIRACY TO COMMIT THEFT AND EMBEZZLEMENT OF GOVERNMENT PROPERTY AND POSSESS AND SELL STOLEN AMMUNITION

16. The objects of the conspiracy were to steal and embezzle property and ammunition from the U.S. military and sell it to others to earn money.

### MANNER AND MEANS OF CONSPIRACY TO COMMIT THEFT AND EMBEZZLEMENT OF GOVERNMENT PROPERTY AND POSSESS AND SELL STOLEN AMMUNITION

17. The manner and means that AMARILLAS and others known and unknown used to achieve the objects of the conspiracy included the following:

    a.    AMARILLAS used his position as an Ammunition Technical Specialist at the School of Infantry West at Camp Pendleton in California to access, handle, transport, embezzle, and steal U.S. military property and ammunition, including at least one Javelin Missile System that was not demilitarized, M855A1 EPR ammunition, M855 non-EPR ammunition, and other ammunition.

- 5 -

b.    AMARILLAS transported the stolen U.S. military property and ammunition from Camp Pendleton in California to Arizona.

c.    AMARILLAS delivered the stolen U.S. military property and ammunition to unindicted Co-Conspirators 1 and 2 in Arizona.

d.    Co-Conspirators 1 and 2 paid AMARILLAS for the stolen U.S. military property and ammunition he stole and sold to them.

e.    Co-Conspirator 2 sold the stolen U.S. military property and ammunition AMARILLAS sold to him to the CEO of Company 2, and Company 2 sold it to the CEO of Company 1 and others.

## OVERT ACTS

18.    In furtherance of the conspiracy, and to achieve the objects of the conspiracy, AMARILLAS, Co-Conspirators 1 and 2, and others known and unknown, committed or caused to be committed the following overt acts in the District of Arizona and elsewhere:

Stolen U.S. Military Javelin Missile System

a.    Between on or about August 13, 2024, and on or about October 30, 2024, AMARILLAS embezzled and stole a U.S. military Javelin Missile System with lot number MGP03D021-003C and serial number 321675 from the School of Infantry West at U.S. Marine Corps Base Camp Pendleton in California.

b.    Between on or about August 13, 2024, and on or about October 30, 2024, AMARILLAS transported the stolen Javelin Missile System with serial number 321675 from Camp Pendleton in California to Arizona and delivered and sold it to Co-Conspirator 2 in Arizona.

c.    On or about October 30, 2024, Co-Conspirator 2 delivered and sold the stolen Javelin Missile System with serial number 321675 he bought from AMARILLAS to the CEO of Company 2 in Arizona.

- 6 -

Stolen U.S. Military M855 Non-Enhanced Performance Round Ammunition

    d.    On or about November 2, 2025, AMARILLAS embezzled and stole cans of M855 non-EPR ammunition from the School of Infantry West at U.S. Marine Corps Base Camp Pendleton in California.

    e.    Between on or about November 2, 2025, and on or about November 15, 2025, AMARILLAS transported stolen cans of M855 non-EPR ammunition from Camp Pendleton to Arizona and delivered them to Co-Conspirators 1 and 2 in Arizona.

    f.    Between on or about November 17, 2025, and on or about November 19, 2025, Co-Conspirator 2 attempted to sell stolen cans of M855 he bought from AMARILLAS to the CEO of Company 2 in Arizona.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
### Theft and Embezzlement of Government Property
### (18 U.S.C. § 641)

19.    The factual allegations above are incorporated by reference for Count 2.

20.    Between on or about August 13, 2024 and on or about October 30, 2024, in the District of Arizona and elsewhere, the defendant, ANDREW PAUL AMARILLAS, knowingly embezzled, stole, purloined, and converted to his use and the use of another, and without authority, sold, conveyed, and disposed of a thing of value of the United States, and of any department and agency thereof, and any property made or being made under contract for the United States and any department and agency thereof, that is, one Javelin Missile System with Serial Number 321675, which had a value of more than $1,000 and was manufactured by the Javelin Joint Venture between Lockheed Martin and Raytheon exclusively for sale to the U.S. Department of War and which had not been demilitarized, with the intention of depriving the U.S. Department of War of its use or benefit, in violation of Title 18, United States Code, Section 641.

## COUNT 3
### Possession and Sale of Stolen Ammunition
### (18 U.S.C. §§ 922(j), 924(a)(2))

21. The factual allegations above are incorporated by reference for Count 3.

22. Between on or about November 2, 2025, and on or about November 15, 2025, in the District of Arizona and elsewhere, the defendant, ANDREW PAUL AMARILLAS, knowingly possessed and sold stolen ammunition, that is, cans of 5.56mm M855 non-Enhanced Performance Rounds ammunition, which was manufactured by Olin Winchester, LLC for sale to the U.S. Department of War, knowing and having reasonable cause to believe at the time that the ammunition was stolen, and that the ammunition had been shipped and transported in interstate commerce, in violation of Title 18, United States Code, Sections 922(j), 924(a)(2).

## FORFEITURE ALLEGATION

23. The factual allegations above are incorporated by reference.

24. Pursuant to Title 18, United States Code, Sections 924(d), 981, and 982; Title 21, United States Code, Sections 853 and 881; and Title 28, United States Code, Section 2461(c), and upon conviction of one or more of the offenses alleged in Counts 1 through 3 of this Indictment, the defendant, ANDREW PAUL AMARILLAS, shall forfeit to the United States of America all right, title, and interest in (a) any property constituting, or derived from, any proceeds the persons obtained, directly or indirectly, as the result of the offense, and (b) any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense.

If any of the forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence,

(2) has been transferred or sold to, or deposited with, a third party,

(3) has been placed beyond the jurisdiction of the court,

(4) has been substantially diminished in value, or

(5) has been commingled with property that cannot be divided without difficulty,

- 8 -

it is the intent of the United States of America to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property, pursuant to Title 21, United States Code, Section 853(p).

All in accordance with Title 18, United States Code, Sections 924(d), 981, and 982, Title 21, United States Code, Sections 853 and 881, Title 28, United States Code Section 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.

A TRUE BILL

*s/*
FOREPERSON OF THE GRAND JURY
Date: March 24, 2026

TIMOTHY COURCHAINE
United States Attorney
District of Arizona


*s/*
BRUCE R. VAN BAREN
Assistant U.S. Attorney

- 9 -